**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AUTOZONE DEVELOPMENT CORP. *et al.*, | : |
| Plaintiffs, | : Civil Action No.: 05-0476 (RMU) |
| v. | : |
| THE DISTRICT OF COLUMBIA *et al.*, | : Document Nos.: 75, 38, 40 |
| Defendants. | : |

## MEMORANDUM OPINION

**GRANTING THE PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING THE DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE**

### I. INTRODUCTION

The plaintiffs, tenants of defendant Naylor Road, bring this case challenging the District of Columbia's authority to exercise eminent domain over specific property located within the "Skyland Assemblage," a tract of land located in the southeast quarter of the District of Columbia. Since filing their second amended complaint, the plaintiffs learned that the defendants have completed the sale of land that the plaintiffs originally sought to enjoin. The plaintiffs now move for leave to file a third amended complaint to reflect the sale of the property. Because the sale of the property materially affects the circumstances underlying this case and the merits of the plaintiffs' claim, the court grants the plaintiffs' motion for leave to file a third amended complaint. Because the third amended complaint now supercedes the second amended complaint, the court denies as moot the defendants' motion to dismiss the plaintiffs' second amended complaint.

## II.   BACKGROUND

### A.   Factual History

In 2004, the District of Columbia passed a series of laws ("the Skyland Acts") that authorized defendant National Capitol Revitalization Corporation ("NCRC"), an independent instrumentality of the District of Columbia, to exercise eminent domain on an emergency basis over the property at the Skyland Center and its surrounding neighborhood, 2d Am. Compl. ¶¶ 13-14.  The plaintiffs are tenants of defendant Naylor Road, LLC ("Naylor Road") at the property located at 2626 Naylor Road, S.E., Washington, D.C. *Id.* ¶ 1.  The plaintiffs allege that defendants NCRC and Naylor Road sought to arrange a sales transaction for defendant Naylor Road's property in lieu of an actual taking by eminent domain, to allow "[d]efendant [Naylor Road] by subterfuge to avoid sharing by apportionment any condemnation award with the [p]laintiffs," among other reasons.  *Id.* ¶¶ 59-60.  On December 15, 2005, Naylor Road sold the property to RLA Revitalization Corporation ("RLA").  Pl.'s Mot. for Leave to File Third Am. Compl. ("Pl.'s Mot.") at 1.

### B.   Procedural History

On March 8, 2005, the plaintiffs brought suit in this court seeking, *inter alia*, to enjoin the defendants' exercise of eminent domain of the Naylor Road property.  Compl. at 18.  The plaintiffs alleged that the enactment and application of the Skyland Acts authorizing defendant NCRC to exercise eminent domain over the property would injure their constitutionally-protected leasehold interest.  *Id.* ¶ 10.  Following a series of extensions of time, amended complaints, and myriad motions, the plaintiffs' second amended complaint alleged that they would suffer irreparable harm from an imminent sale of the "Skyland Assemblage," including the Naylor Road

property which was leased to the plaintiffs.  2d Am. Compl. ¶¶ 34-35.  The plaintiffs at that time did not assert that the District of Columbia had either acquired the land in question or had begun the purchasing process.  On August 1, 2005, the defendants filed separate motions to dismiss the plaintiffs' second amended complaint.  The defendants argued that the plaintiffs' claims were unripe, that the plaintiffs lacked standing to challenge the statute authorizing eminent domain, and that the plaintiffs' complaint failed to state a claim for which the court can grant relief.  Defs. D.C. and NCRC's Mot. at 1.

Now that defendant Naylor Road has sold the Naylor Road property, the plaintiffs seek leave to modify their amended complaint in two ways.  First, the plaintiffs seek to include allegations about the sale of the disputed property.  Pl.'s Mot. at 2.  Second, the plaintiffs request amendment to name a new defendant, RLA, the purchaser of the Naylor Road property and a wholly owned subsidiary of NCRC.  Pl.'s Mot. at 1.  The defendants oppose the plaintiffs' motion on the grounds that the proposed third amended complaint would not survive a motion to dismiss and is, therefore, futile.  The court now turns to the plaintiffs' motion.

### III.   ANALYSIS

#### A.   The Plaintiffs' Motion for Leave to File a Third Amended Complaint

The plaintiffs request a third opportunity to amend so that the complaint can reflect the sale of property and the include an additional party as a defendant, based on its involvement in the purchase transaction.  Pls.' Mot. at 1-2.  The defendants, on the other hand, challenge that the plaintiffs' proposed third amended complaint will not survive a motion to dismiss and is otherwise futile.  Defs.' Opp'n. at 1-2.  Because the sale of the Naylor Road property materially affects the

plaintiffs' claims, which, at this point, are not cognizable as futile, the court grants the plaintiffs' motion.

### 1.  Legal Standard for a Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served.  FED. R. CIV. P. 15(a). Additionally, Rule 15(a) allows a party to amend its pleading to add a new party.  *Id*.; *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994); 6 FED. PRAC. & PROC. 2d § 1474. According to decisions of this circuit, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss.  *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (citing FED. R. CIV. P. 15(a)).  If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.  6 FED. PRAC. & PROC. 2d § 1481.  Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15.  *James V. Hurson Assocs.*, 229 F.3d at 283; *Bowden v. United States*, 176 F.3d 552, 555 (D.C. Cir. 1999); *U.S. Info. Agency v. Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990).

Once a responsive pleading is served, however, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party.  FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The grant or denial of leave lies in the sound discretion of the district court.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires."  *Id*.;

*Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Id*.; *Caribbean Broad Sys.*, 148 F.3d at 1083.

In determining whether the motion should be denied based on futility, such denial is warranted if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (quoting 3 Moore's Federal Practice § 15.15[3] (3d ed. 2000)); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim).

2.  **The Court Grants the Plaintiffs' Motion for Leave to File Third Amended Complaint**

Given that the recent purchase of the property materially alters the plaintiffs' existing claim, the third amended complaint does not merely restate the plaintiffs' allegations in the second amended complaint. *Robinson*, 211 F. Supp. 2d at 114. Specifically, the plaintiffs now argue that the changed circumstances warrant material revisions to Count V of the second amended complaint to reflect the actual, rather than forecasted, purchase of the property and the now-

realized harm to the plaintiffs.  Pls.' Mot. at 1-2.  For example, because the plaintiffs may be entitled to a lien interest on the net proceeds recovered in the consummated sale, the plaintiffs may have a valid claim that the proceeds have been wrongfully distributed.  Proposed 3d Am. Compl. ¶ 62.  The plaintiffs also posit that these amendments will alter their argument for the constitutional standing of their claim because the consummated sale of property "significantly" weakens the defendants' challenges to the plaintiffs' complaint on the grounds of ripeness.  Pl.'s Mot. at 2 n.1.

The court, therefore, determines that the plaintiffs' proposed third amended complaint stands more than a "little chance" of success, *Willoughby*, 100 F.3d at 1003, and it errs on the side of affording the plaintiffs a full and fair opportunity to present the merits of their case.  Accordingly, the court, in its discretion and in the interests of justice, permits the plaintiffs to file their third amended complaint.  *Firestone*, 76 F.3d at 1208; *Caribbean*, 148 F.3d at 1083.

### B.   The Defendants' Motion to Dismiss the Plaintiffs' Second Amended Complaint

On August 1, 2005, the defendants brought individual motions to dismiss the plaintiffs' second amended complaint.  The defendants argued, *inter alia*, that the plaintiffs' claims were unripe, that the plaintiffs lack standing to challenge any sales agreement between the defendants, and that the plaintiffs fail to state a claim on which relief can be granted.  Defs. D.C. and NCRC's Mot. to Dismiss at 2-3.  In addition, the defendants argue that *Kelo v. City of New London, Conn.*, 125 S.Ct. 2655 (2005), protects a municipality's use of eminent domain for economic development, even if the title were transferred to another private-sector entity.  Def. Autozone's Mot. to Dismiss at 4; Defs. D.C. and NCRC's Mot. to Dismiss at 12-13.  In short, the defendants assert that no constitutional violation has occurred.  The plaintiffs maintain that they have a

constitutionally-protected leasehold interest and that any sales agreement between the parties constitutes an unconstitutional taking. Pl.'s Opp'n at 21-22.

### 1. Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(1)[1]

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

---

[1] Although the defendants bring motions to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), the D.C. Circuit has noted that courts should consider Rule 12(b)(1) jurisdictional challenges before Rule 12(b)(6) challenges. *United States ex rel. Settlemire v. Dist. of Columbia*, 198 F.3d 913, 920 (D.C. Cir. 1999) (citing *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993)).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### 2. The Court Denies the Defendants' Motion to Dismiss without Prejudice

The plaintiffs' third amended complaint is superceding in nature and is now the operative complaint. *Washer v. Bullitt County*, 110 U.S. 558, 562 (1884); *Bancoult v. McNamara*, 214 F.R.D. 5, 13 (D.D.C. 2003); 6 FED. PRAC. & PROC. 2d § 1476 (explaining that an amended pleading "under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified"). Because the defendants' outstanding motions to dismiss pertain to the second amended complaint, the court denies them as moot. *Bancoult*, 214 F.R.D at 13 ("deny[ing] without prejudice all pending motions pertaining to the original complaint"); *see also Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot the motions to dismiss because the amended complaint supersedes the original complaint).

## IV.   CONCLUSION

For the foregoing reasons, the court grants the plaintiffs' motion to amend and denies the defendants' motions to dismiss without prejudice. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 2nd day of March 2006.

RICARDO M. URBINA<br>
United States District Judge